UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136



**FILED**

JUN 2 8 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____

J. Michael McMahon
Clerk

USDC ED OF CALIFORNIA

Date: 6/22/05

In Re: REZULIN

MDL    1348

Your Docket #

2:05-0213 FCD

S.D. OF N.Y.

05 CV 5768

Dear Sir:

    Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge KAPLAN for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

    Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By: Dorothy Guranich
Deputy Clerk

A CERTIFIED TRUE COPY

JUN 1 7 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Case 2:05-cv-00313-FCD-DAD  Document 10  Filed 06/28/05  Page 2 of 4

05 CV 5768
JUDGE KAPLAN

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 17 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1348

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE REZULIN PRODUCTS LIABILITY LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL[*] AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the ten actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Southern District of New York for inclusion in the Section 1407 proceedings occurring there in this docket. The manufacturing defendants[1] oppose the motions and favor inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Southern District of New York, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending or anticipated motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Southern District of New York was a proper Section 1407 forum for actions involving claims of liability for the allegedly adverse effects of Rezulin. *See In re Rezulin Products Liability Litigation*, MDL-1348 (J.P.M.L. June 9, 2000) (unpublished order).

A CERTIFIED COPY
J. MICHAEL McMAHON,     CLERK

BY _Jessica Doss_
DEPUTY CLERK

---

[*] Judge Vratil took no part in the decision of this matter.

[1] Warner-Lambert Company LLC, its unincorporated division, Parke-Davis, and Pfizer Inc.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Lewis A. Kaplan for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                                        FOR THE PANEL:

                                        *[signature]*

                                        Wm. Terrell Hodges
                                        Chairman

## SCHEDULE A

MDL-1348 -- In re Rezulin Products Liability Litigation

### Eastern District of California

*Kenny Breedlove, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 1:05-248
*Mary Adair, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 2:05-201
*Venson Adams, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 2:05-202
*Salvatore Acquaviva, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 2:05-203
*Lisa Alloway, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 2:05-204
*Gary Allison, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 2:05-206
*Earnest Adams, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 2:05-213
*Judith Aiello, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 2:05-214
*Richard Agman, et al. v. Warner-Lambert Co., LLC, et al.*, C.A. No. 2:05-216

### Western District of Texas

*Daniel Alarcon v. Warner-Lambert Co., LLC, et al.*, C.A. No. 3:05-4